## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN
## MADISON DIVISION

| | |
|---|---|
| SUSAN K. RISTOW,<br><br>        Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM and JOHN DOE'S 1-10,<br><br>        Defendants. | Case No. 3:22-cv-00106<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiff SUSAN K. RISTOW ("Plaintiff"), by and through her undersigned counsel, complaining of CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM and JOHN DOE'S 1-10 as follows:

## **NATURE OF ACTION**

1. Plaintiff brings this action against CHARTER COMMUNICATIONS, INC. D/B/A SPECTRUM and JOHN DOE'S 1-10 seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq.*, violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.* and violations of the Wisconsin Consumer Act ("WCA") pursuant to Wis. Stat. §427.103 *et seq.*

## **JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA and FDCPA.

3. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, as the action arises under the laws of the United States.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Western District of Wisconsin and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Wisconsin.

## PARTIES

5. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided and was domiciled in the Western District of Wisconsin.

6. Charter Communications, Inc. d/b/a Spectrum ("Spectrum or Defendant") is a corporation organized under the laws of the State of Delaware, and it specializes in cable and internet services to more than 31 million customers in 41 states, including the State of Wisconsin.

7. Defendant regularly and systematically does business in Wisconsin and across the United States. Defendant regularly attempts to collect debts allegedly owed by consumers residing in Wisconsin.

8. John Doe's 1-10 ("John Doe's") are third party vendors that Defendant utilizes to assist Defendant in the collection of debts by consumers.

9. The identities of John Doe's are unknown to Plaintiff at this time and will be identified through discovery.

10. John Doe's regularly attempt to collect upon debts allegedly owed by consumer, specifically residing in Wisconsin.

11. At all times relevant, Spectrum had a consensual agency relationship with John Doe's whereby Spectrum (as the principal) had the right to control and direct the activities of John Doe's, and John Doe's had the authority to act on behalf of Spectrum. Spectrum as the principal of John Doe's, is liable for the acts of John Doe's and its agents.

**FACUTAL ALLEGATIONS**

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8525.

13. At all times relevant, Plaintiff's number ending in 8525 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. At no point in time did Plaintiff open an account with Defendant.

16. In February 2022, Defendant began placing prerecorded calls ("robocalls") to Plaintiff's cellular phone in an attempt to collect an outstanding balance owed by an unknown third party.

17. Upon reaching one of John Doe's or Defendant's representatives, Plaintiff told Defendant that she has never had its services and requested calls to cease.

18. Furthermore, Plaintiff had asked Defendant or John Doe to whom the account belong to, in which the party refused to provide an answer.

19. In calls that Plaintiff did not answer, Defendant and John Doe's would leave voicemails on Plaintiff's cellular phone containing prerecorded messages.

20. Despite Plaintiff's request for calls to cease, Defendant and John Doe's continued placing robocalls to Plaintiff's cellular phone number.

21. Upon information and belief Defendant and John Doe's placed no less than twenty (20) robocalls to Plaintiff's cellular phone number utilizing a prerecorded voice in an effort to contact her for a debt

3

22. Plaintiff has repeatedly requested that Defendant's phone calls cease to no avail.

23. At no point in time did Plaintiff provide her cellular phone number to Defendant or any John Doe or otherwise consent to receiving phone calls from Defendant or any John Doe party.

24. Upon information and belief, Defendant and John Doe's placed its calls to Plaintiff's telephone using an automated telephone dialing system ("ATDS"), a telephone dialing system that is commonly used in the credit collection industry to collect defaulted debts.

25. Plaintiff's request fell on deaf ears and Defendant and John Doe's continued placing harassing collections calls to Plaintiff, including calls from the phone numbers (210) 761-4984, (833) 536-1100, (818) 227-1180, and (866) 914-5806.

26. Upon information and belief, Defendant and John Doe's have used additional numbers to contact Plaintiff.

27. Defendant and John Doe's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

28. Defendant's and John Doe's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased daily productivity, aggravation that accompanies unwanted telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and functionality of her cellular phone, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

29. Moreover, each time Defendant and John Doe's placed a telephone call to Plaintiff, Defendant and John Doe's occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## COUNT I
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)
### *Against Charter Communications, Inc. d/b/a Spectrum*

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing or causing to be placed no less than 20 non-emergency calls to Plaintiff's cellular telephone number, utilizing an artificial or prerecorded voice, without Plaintiff's consent.

32. Furthermore, the TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

33. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers.

34. Accordingly, the system employed by Defendant has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

35. Upon information and belief, based on the prerecorded messages and robocalls, Defendant used an ATDS to place calls to Plaintiff's telephone.

36. The fact that Defendant's phone system continued to place calls after Defendant was aware that Plaintiff did not wish to receive further calls clearly evinces the fact that Defendant's phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without her prior consent.

37. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone, between February 2022 and the present day, using an ATDS without her prior consent.

38. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call.

39. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

40. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

41. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

42. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

43. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

44. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, Susan K. Ristow, respectfully requests that this Honorable

Court enter judgment in her favor as follows:

    a. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

    b. an award of statutory damages of at least $500.00 for each and every violation;

    c. an award of treble damages of up to $1,500.00 for each and every violation; and

    d. an award of such other relief as this Court deems just and proper.

**COUNT II**
**Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)**
***Against John Doe's 1-10***

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

47. Upon information and belief, the system used by John Doe's 1-10 to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

48. Accordingly, the system employed by John Doe's 1-10 has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

49. Upon information and belief, Spectrum utilizes several third party vendors to assist in its collection efforts on defaulted debts.

50. In addition, based on the prerecorded messages and robocalls, John Doe's 1-10 used

an ATDS to place calls to Plaintiff's telephone.

51. The fact that John Doe's 1-10 phone system continued to place calls after they were aware that Plaintiff did not wish to receive further calls clearly evinces the fact that John Doe's 1-10 phone system stored Plaintiff's phone number and continued to randomly or sequentially auto-dial Plaintiff's cellular phone number without her prior consent.

52. John Doe's 1-10 violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing numerous non-emergency calls to Plaintiff's cellular telephone, between February 2022 and the present day, using an ATDS without her prior consent.

53. As pled above, Plaintiff revoked consent to be called on her cellular phone during an answered call.

54. As pled above, Plaintiff was severely harmed by John Doe's 1-10s collection calls to her cellular phone.

55. Upon information and belief, John Doe's have no system in place to document whether it has consent to contact consumers on their cellular phones.

56. Upon information and belief, John Doe's have no policies and procedures in place to honor consumers' requests that collection calls cease.

57. Upon information and belief, John Doe's knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

58. As a result of John Doe's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

59. As a result of John Doe's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff, Susan K. Ristow, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. a finding that John Doe's violated 47 U.S.C. § 227 *et seq.*;

b. an award of statutory damages of at least $500.00 for each and every violation;

c. an award of treble damages of up to $1,500.00 for each and every violation; and

d. an award of such other relief as this Court deems just and proper.

**COUNT III**
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**
***Against John Doe's 1-10***

60. Plaintiff restates and realleges paragraphs 1 through 59 as though fully set forth herein.

61. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

62. The alleged subject debt that Defendant and John Doe's 1-10 were attempting to collect is a "debt" as defined by FDCPA §1692a(5).

63. John Doe's "debt collector" as defined by §1692a(6) because upon information and belief, they regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts.

**a. Violations of the FDCPA §1692c**

64. John Doe's violated §1692c(a)(1) when it continuously called and Plaintiff after being notified to cease communications.

65. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive.

66. Even after being told to stop contacting her, John Doe's continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into making a payment on the subject debt not owed despite having actual knowledge that Plaintiff did not want to receive any calls.

67. Furthermore, the enormous volume of calls shows that John Doe's willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

68. John Doe's were notified by Plaintiff that its calls were not welcomed as this was not her debt. As such, John Doe's knew that their conduct was inconvenient, unwanted, and distressing to her.

### a. Violations of FDCPA §1692d

69. Pursuant to §1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

70. §1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

71. John Doe's violated §§1692d and d(5) when it placed dozens of collection calls to Plaintiff's cellular phone number from February 2022 to present attempting to collect the alleged subject debt that Plaintiff did not owe.

72. John Doe's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the alleged subject debt was harassing and abusive.

73. John Doe's collection calls to Plaintiff were made with the specific intent of

10

annoying, harassing, and abusing the Plaintiff.

74. The fact that John Doe's knowingly placed calls to Plaintiff after Plaintiff made numerous requests that the calls cease is illustrative of John Doe's intent to harass and annoy Plaintiff.

75. John Doe's violated §1692d(6) by falsely identifying itself as "Spectrum" instead of identifying itself by its real name.

76. At no time during any communications with Plaintiff did John Doe's notify Plaintiff that it was not actually Spectrum and merely calling on behalf of Spectrum.

77. Such conduct is deceptive and is expressly prohibited by the FDCPA.

   b. **Violations of FDCPA §§1692f**

78. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

79. John Doe's violated §1692f by employing unfair and unconscionable means to attempt to collect a debt not owed by Plaintiff by placing dozens of collection calls to Plaintiff's cellular phone number from February 2022 through present.

80. In addition, it was unfair that John Doe's falsely identified itself as "Spectrum" instead of identifying itself by their real name.

   c. **Violations of FDCPA §1692e**

81. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

82. Section 1692e(14) of the FDCPA specifically prohibits a debt collector from using any name other than the true name of the debt collector's business.

83. John Doe's violated §1692e(14) by using a name other than the true name of its business when it falsely held itself out to be Spectrum during phone calls with Plaintiff.

**WHEREFORE,** Plaintiff, Susan K. Ristow, requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;
   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;
   c. Awarding Plaintiff costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT IV
### The Wisconsin Consumer Act (Wis. Stat. §427.103 *et seq.*)
### *Against John Does 1-10*

84. Plaintiff restates and realleges paragraphs 1 through 83 as though fully set forth herein.

85. John Doe's are debt collectors as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of the subject debt from Plaintiff personally.

86. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

87. John Doe's violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff.

88. It was unfair for John Doe's to relentlessly contact Plaintiff through means of

numerous phone calls when she notified John Doe's to cease calling her.

89. John Doe's ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her prior consent.

90. Following its characteristic behavior in placing voluminous calls to consumers, John Doe's engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make a payment.

91. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by John Doe's.

92. As pled above, Plaintiff has suffered actual damages as a result of John Doe's unlawful practices.

93. John Doe's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

94. John Doe's acted in defiance of Plaintiff's prompts.

95. Plaintiff demanded John Doe's to stop contacting her, yet she was still bombarded with collection phone calls from John Doe's.

96. In an unfair and deceptive manner, John Doe's called Plaintiff numerous times. This onslaught of phone calls was an attempt by John Doe's to harass Plaintiff into submission.

97. After the conversation in which Plaintiff notified that she wanted John Doe's to stop calling her, John Doe's had more than enough information to know that they should not continue calling her telephone number.

98. Upon information and belief, John Doe's regularly engage in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff, Susan K. Ristow, respectfully requests that this honorable court:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
  b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
  c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
  d. Enjoining Defendant from further contacting Plaintiff; and
  e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT V**</u>
**The Wisconsin Consumer Act (Wis. Stat. §427.103 *et seq.*)**
***Against Charter Communications, Inc. d/b/a Spectrum***

99. Plaintiff restates and realleges paragraphs 1 through 98 as though fully set forth herein.

100. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) as it engaged in the collection of the subject debt from Plaintiff personally.

101. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

102. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff.

103. It was unfair for Defendant to relentlessly contact Plaintiff through means of numerous phone calls when she notified Defendant to cease calling her.

104. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular phone without her prior consent.

105. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make a payment.

106. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

107. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.

108. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff.

109. Defendant acted in defiance of Plaintiff's prompts.

110. Plaintiff demanded Defendant to stop contacting her, yet she was still bombarded with collection phone calls from Defendant.

111. In an unfair and deceptive manner, Defendant called Plaintiff numerous times.

112. This onslaught of phone calls was an attempt by Defendant to harass Plaintiff into submission.

113. After the conversation in which Plaintiff notified that she wanted Defendant to stop calling her, Defendant had more than enough information to know that it should not continue calling her telephone number.

114. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff, Susan K. Ristow, respectfully requests that this honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;
b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;
c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 28, 2022          Respectfully submitted,

/s/ Victor T. Metroff
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
Vmetroff@sulaimanlaw.com
mbadwan@sulaimanlaw.com